UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

                                                 Case No. 9:25-bk-14310-EPK
                                                 Chapter 13

**ZENAIDA MARTINEZ**
SSN: XXX-XX-34227

      Debtor.
_____/

## **AGREED *EX PARTE* MOTION FOR RELIEF FROM AUTOMATIC STAY**

Creditor, Town of Lantana, Florida ("Town"), pursuant to 11 U.S.C. §§ 105 and 362(d)(1), Federal Rules of Bankruptcy Procedure 4001, 9013, and Local Rules 4001-1 and 9013-1(C)(1), moves for relief from the automatic bankruptcy stay to proceed against Zenaida Martinez ("Debtor") in related state court proceedings. The Town states the following in support.

1.    In February 2021, Debtor filed a complaint against the Town in Florida circuit court. Through the complaint, Debtor sought to have invalidated on constitutional grounds certain accrued code enforcement fines imposed by the Town's code enforcement hearing officer against her, pursuant to Chapter 162, Florida Statutes. The case was styled as *Zenaida Martinez v. City of Lantana, Florida*, Case No. 50-2021-CA-002564-XXXX-MB ("State Case").

2.    In April 2024, the circuit court entered summary judgment in favor of the Town and against Debtor, which final judgment the Debtor appealed to the State appellate court. DE No. 117, 118, 120, 125. The appeal before the Fourth District Court of Appeal was styled as *Zenaida Martinez. v. City of Lantana*, Case No. 4D2024-1187.

3.    On April 18, 2025, Debtor filed her bankruptcy petition, naming the Town as a creditor of a "disputed" debt and listing the State Case as "pending." [ECF No. 1].

4. Five (5) days later, on April 23, 2025, prior to the Town having knowledge of the bankruptcy case, the Fourth District affirmed the circuit court's summary judgment against the Debtor, thereby upholding the validity of the code enforcement fines and the debt owed to the Town identified by Debtor in her petition.

5. Thereafter, Debtor filed a notice of intent to invoke the discretionary jurisdiction of the Florida Supreme Court, pursuant to Fla. R. App. P. 9.030(a)(2)(A). Debtor's pending petition to the Florida Supreme Court is styled *Zenaida Martinez v. City of Lantana, Florida*, Case No. SC2025-0726 ("State Petition").

6. On June 2, 2025, Debtor filed her brief on jurisdiction with the Florida Supreme Court.[1] In the State Petition, Debtor asks the Florida Supreme Court to accept jurisdiction in furtherance of her efforts to invalidate the code enforcement fines that are a debt owed to the Town.

7. <u>The Town's brief on jurisdiction is due by July 2, 2025</u>. Fla. R. App. P. 9.120(d) ("The respondent's brief on jurisdiction shall be served within 30 days after service of petitioner's brief.").

8. Although the Town is not seeking affirmative relief against Debtor at the Florida Supreme Court, in defending against the State Petition, the Town will advocate for the validity of the debt that Debtor has listed in her bankruptcy petition: the accrued code enforcement fines. And, although Debtor was the nominal plaintiff in the State Case, her claims were defensive because she sought to invalidate the listed debt: again, the code enforcement fines entered against her by the Town's code enforcement hearing officer. *See National Medical Imaging, LLC v. Lyon*

---

[1] When a petitioner seeks to invoke the Florida Supreme Court's discretionary jurisdiction under Fla. R. App. P. Pro. 9.030(a)(2)(A), Rule 9.120 requires the parties to submit jurisdictional briefs to the Court.

*Financial Services, Inc.*, 349 So. 3d 895 (Fla. 2021) (appeal of adverse order or judgment initiated by the debtor-defendant is subject to the federal bankruptcy code's automatic stay provision) (en banc), *receding from Shops in the Grove, Ltd. v. Union Federal Savings & Loan Ass'n of Miami*, 425 So. 2d 1138 (Fla. 3d DCA 1982) (J. Logue, concurring).

9. Accordingly, in an abundance of caution, the Town seeks relief from the automatic stay and believes that, based on the above, there is cause to grant it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

10. Additionally, given that the Town's jurisdictional brief must be submitted to the Florida Supreme Court by July 2, the Town requests that the Court waive the 14-day stay of the effectiveness of any order granting the Town's relief from the automatic stay under Federal Bankruptcy Rule 4001(a)(4).

11. Counsel for the Town and counsel for the Debtor have agreed to relieve the Town of the automatic stay for the sole purpose of allowing the Town to participate in the State Petition.

12. Pursuant to Local Rule 5005-1(G), a proposed Order accompanies this Motion.

**WHEREFORE**, the Town of Lantana, Florida, respectfully requests that the Court enter an order (1) granting this motion; (2) waiving the 14-day stay of the order of this Court granting this motion; (4) relieving the Town of the automatic bankruptcy stay so that it may engage in the State Petition; and (4) any further relief the Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of June, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF Filing System upon all parties who have requested notice in this proceeding and via U.S. Mail to all parties on the attached Local Rule 1007-2 Parties in Interest List.

        Respectfully submitted,

        WEISS SEROTA HELFMAN
        COLE & BIERMAN, P.L.
        *Counsel for Creditor, Town of Lantana, Florida*
        2800 Ponce de Leon Boulevard, Suite 1200
        Coral Gables, Florida 33134
        Telephone:    305/854-0800

By:   */s/ Jessika A. Graham*
        JESSIKA A. GRAHAM
        Florida Bar No. 72452
        JGraham@wsh-law.com

**CM/ECF SERVICE LIST**

- **Steven S Newburgh**    ssn@newburghlaw.net, tina@newburghlaw.net,5549653420@filings.docketbird.com;Newburgh.SteveB138334@notify.bestcase.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Justin D Plean**    justin.plean@qpwblaw.com
- **Humberto E Rivera**    pleadings@hriveralaw.com, humberto@ecf.courtdrive.com;rivera.humbertob114132@notify.bestcase.com
- **Robin R Weiner**    auto-forward-ecf@ch13weiner.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:

Case No. 9:25-bk-14310-EPK
Chapter 13

**ZENAIDA MARTINEZ**
SSN: XXX-XX-34227

    Debtor.
_____/

[Proposed]
**ORDER GRANTING AGREED *EX PARTE* MOTION FOR
RELIEF FROM THE AUTOMATIC STAY**

    This cause came before the Court on Creditor, Town of Lantana, Florida's ("Town") Agreed Ex Parte Motion for Relief From Automatic Stay ("Agreed Motion"). [ECF No. ___]. The Court, having reviewed the Agreed Motion, being advised of the agreement of the relief requested therein, and being fully advised in the premises, it is

**ORDERED** that:

    1.    Pursuant to Local Rule 9013-1(C)(1), the Agreed Motion is GRANTED.

    2.    The Court finds that there is cause to grant the Town relief from the automatic bankruptcy stay solely to participate in the state appellate proceedings styled as *Zenaida Martinez v. City of Lantana, Florida*, Case No. SC2025-0726.

    3.    The Town is not granted relief from the automatic bankruptcy stay to otherwise pursue the Debtor, Zenaida Martinez, or the Debtor's assets, as listed on the Debtor's schedule of assets. [ECF No. 1].

    4.    Pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(4), the 14-day stay of this Order is hereby waived, and therefore, this Order is effective upon entry.

###

Submitted by:

Jessika A. Graham, Esq.
Weiss Serota Helfman Cole & Bierman, P.L.
2800 Ponce de Leon Blvd., 12th Floor
Coral Gables, Florida 33134
Tel: 305-854-0800
JGraham@wsh-law.com
Jessika A. Graham, Esq., is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.